Filed 7/30/26  Gigena v. Finch CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

| | |
|---|---|
| GABRIEL GIGENA,<br>        Plaintiff and Appellant,<br><br>        v.<br><br>RICK FINCH et al.,<br>        Defendants and Respondents. | C104947<br><br>(Super. Ct. No. 23CV13323) |

Appellant Gabriel Gigena appeals the trial court's order awarding appellate costs of $85.88, a substantial reduction from the amount he sought.  Contrary to Gigena's contentions, he is not entitled to costs he did not actually incur or to those outside the purview of the applicable rules and statutes.  We affirm.

## BACKGROUND

In March 2025, a different panel of this court reversed the trial court's order declaring Gigena a vexatious litigant and awarded him costs on appeal pursuant to California Rules of Court, rule 8.278(a)(1) and (a)(2).[1]  (*Gigena v. Finch* (Mar. 12, 2025, C100546) [nonpub. opn.].)  A few days after this court issued its decision, Gigena served a memorandum of costs on respondents Rick Finch and Finch Body Shop, Inc.

---

[1]        Undesignated rule references are to the California Rules of Court.

(collectively, Finch), claiming costs totaling $7,360.49. Finch filed a responsive motion to tax costs. Gigena responded to that motion, attached receipts and other documents, and filed a first amended memorandum of costs increasing the cost claim to $16,881.01 plus a claim for punitive/exemplary damages of at least $10,000. Finch again objected in writing to the majority of Gigena's claimed costs. On August 11, 2025, Gigena filed a final memorandum of costs on appeal and a notice of attorney fees and costs, seeking $16,881.01 in claimed costs "plus four times the amount for Exemplary/Punitive Damages."

Addressing the latest memorandum of costs, the trial court partially granted Finch's motion to tax costs and awarded Gigena a total of $85.88 in costs. Gigena timely appealed.[2]

## DISCUSSION

Gigena's briefs are difficult to follow and understand, and few, if any, of his contentions are supported by meaningful argument or discussion of relevant legal authorities. As the appellant, however, it is Gigena's responsibility "to support claims of error with meaningful argument and citation to authority. [Citations.] When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration. [Citations.] In addition, citing cases without any discussion of their application to the present case results in forfeiture. [Citations.] We are not required to examine undeveloped claims or to supply arguments for the litigants. [Citations.]" (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 (*Allen*).) "[A]sserted grounds for appeal that are unsupported by any citation to

---

[2]    On October 8, 2025, Gigena filed a notice of appeal. The order awarding costs was filed on October 23, 2025. Although filed before the order was made, we treat the notice as filed " 'immediately after the rendition of judgment or the making of the order.' (Cal. Rules of Court, rule 8.406(d).)" (*People v. Denham* (2014) 222 Cal.App.4th 1210, 1214.)

authority and that merely complain of error without presenting a coherent legal argument are deemed abandoned and unworthy of discussion." (*Wright v. City of Los Angeles* (2001) 93 Cal.App.4th 683, 689.) "A court need not consider an issue where reasoned, substantial argument and citation to supporting authorities are lacking." (*Woods v. Horton* (2008) 167 Cal.App.4th 658, 677.) " 'When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary.' [Citation.] 'Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, [they are] waived.' " (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 600, disapproved on another ground in *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1012, fn. 2.) This long line of authority applies to Gigena, even though he is representing himself. California's statutes and rules distinctly address three different types of costs and fees: prejudgment costs, appellate costs, and postjudgment enforcement costs. (*Conservatorship of McQueen* (2014) 59 Cal.4th 602, 608.) Generally, and as relevant here, appellate costs and fees are recovered under Code of Civil Procedure section 1034, subdivision (b)[3] and rules 3.1702(c) and 8.278.[4] (*McQueen*, at p. 608.) Sections 1032 and 1033.5 are directed toward the trial court and do not govern costs on appeal. (*Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 259; *Stratton v. Beck* (2018) 30 Cal.App.5th 901, 910.)

Section 1034, subdivision (b) states, "The Judicial Council shall establish by rule allowable costs on appeal and the procedure for claiming those costs." That rule is rule

---

[3]     Undesignated statutory references are to the Code of Civil Procedure.

[4]     This is subject to two exceptions: Fees incurred in an interlocutory appeal are governed by rule 3.1702(b), and appellate fees in a limited civil case must be filed within the time set in rule 8.891(c)(1). (See *Conservatorship of McQueen, supra*, 59 Cal.4th at p. 608, fn. 7.)

8.278, and it states that although the award of costs is included in the remittitur, the amount of the award is determined by the trial court. (Rule 8.278(b)(1), (c).) Rule 8.278 also enumerates "[r]ecoverable costs," expressly limiting costs that may be recovered on appeal to the items listed. (Rule 8.278(d)(1); see also *Stratton v. Beck, supra*, 30 Cal.App.5th at p. 910.) Recoverable costs include reasonable "[f]iling fees," "[t]he amount the party paid for any portion of the record, whether an original or a copy or both," "[t]he cost to produce additional evidence on appeal," "[t]he costs to notarize, serve, mail, and file the record, briefs, and other papers," and "[t]he cost to print and reproduce any brief, including any petition for rehearing or review, answer, or reply." (Rule 8.278(d)(1)(A)-(E).) "Unless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702." (Rule 8.278(d)(2).) Rule 3.1702 applies "in civil cases to claims for statutory attorney's fees and claims for attorney's fees provided for in a contract." (Rule 3.1702(a).) Subdivision (c) applies to attorney fees on appeal when they are claimed under a statute or contract requiring the court to determine entitlement to or amount of the fees, or both. (Rule 3.1702(c).)

Within the time limit provided by the rule, "a party claiming costs awarded by a reviewing court must serve and file in the superior court a verified memorandum of costs." (Rule 8.278(c)(1).) A verified costs memorandum establishes a prima facie case for recovery of the costs sought. (*Bach v. County of Butte* (1989) 215 Cal.App.3d 294, 308.) A party liable for costs can challenge the costs memorandum by filing a motion to strike or tax costs. (Rule 8.278(c)(2).) To overcome the prima facie case for recovery, the objecting party must object to each cost and state why it is objectionable. (*Fennessy v. DeLeuw-Cather Corp.* (1990) 218 Cal.App.3d 1192, 1195.) Mere conclusory assertions are insufficient to rebut a prima facie showing by the prevailing party (*Rappenecker v. Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256, 266), but a party may challenge the legitimacy of a claim on the basis of lack of documentation. (*Bach*, at

4

p. 308; see also *Alan S. v. Superior Court, supra*, 172 Cal.App.4th at pp. 260-261 [discussing the procedure for claiming, challenging, and establishing appellate costs].)

" 'The trial court's exercise of discretion in granting or denying a motion to tax costs will not be disturbed if substantial evidence supports its decision.' [Citation.] To the extent the statute grants the court discretion in allowing or denying costs or in determining amounts, we reverse only if there has been a ' "clear abuse of discretion" and a "miscarriage of justice." ' " (*Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 52.) "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) And although Gigena "is representing himself in propria persona, he is not exempt from the rules governing appeals. A self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) "Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

Here, Finch did not object to costs relating to certified mail sent to the trial or this court, which totaled $80.88. Nor did he object to the amount of $5 for transcript costs. The court ordered those two costs totaling $85.88; they are expressly recoverable under rule 8.278(d)(1)(B) and (D) and they are not challenged on appeal.

The trial court granted Finch's motion to tax costs as to the remaining items, and Gigena contends this was error. However, Gigena's opening brief is sparse. It identifies the trial court's error as failing to order reimbursement of waived filing and transcript fees pursuant to Government Code section 68637, subdivision (b)(1) and costs that he deems "reasonably necessary to the conduct of the litigation." We address those in turn.

5

*1.  Filing and Transcript Fees*

Gigena first contends that, although the trial and appellate courts waived his court and filing fees, because he was the prevailing party the trial court was required, under Government Code section 68637, subdivision (b)(1), to order Finch to pay fees and costs " 'to the respective courts,' " i.e., the $775 appellate filing fee, the $100 trial court fee, and the $772 clerk's transcript fee.  While Government Code section 68637 does state that any award shall be payable *to the court*, not the person whose fees were waived (Gov. Code, § 68637, subd. (b)(1) [providing that the relevant judgment must "include an order requiring that the party against whom judgment or dismissal has been entered pay to the court the waived fees and costs"]), that section applies only to trial court fees.  (See Gov. Code, § 68637, subd. (a) ["This section applies only to waivers of trial court fees"].)  Our order indicated that Gigena was entitled to costs *on appeal*; while that could include filing fees under rule 8.278, because Gigena secured an order waiving those fees he did not incur the costs of the fee.  Rule 8.278(d)(1)(A) states that *a party* may recover reasonable filing fees.  Because Gigena never incurred those costs, there is nothing for him to recover.  Moreover, it does not appear Government Code section 68637 would even apply to the trial court fees in this case.  The statute provides that subdivision (b) does not apply to cases "in which the judgment or dismissal is entered against a party whose fees and costs were initially waived." (Gov. Code, § 68637, subd. (b)(3)(C).)  In the prior appeal, this court noted that the trial court entered judgment of dismissal against Gigena and Gigena did not appeal that ruling.  (*Gigena v. Finch, supra*, C100546.)  Gigena has provided no argument regarding this point.

*2.  Costs Reasonably Necessary to Conduct Litigation*

Gigena further contends that even though his remaining claimed costs are not expressly listed in section 1033.5, the statute permits their recovery as they were reasonably necessary to conduct the litigation.  His argument on this point fails to address rule 8.278 and is otherwise minimal, consisting of three paragraphs, which may be

summarized as follows: He was incarcerated during his appeal, which required the designation of power of attorney, and that person incurred costs and expenses related to the litigation, including fees for attorney consultation, copying, and travel. When the trial court failed to award these costs, it did so without explanation as to why they were not reasonably necessary. We disagree.

Contrary to Gigena's contention otherwise, the trial court provided a detailed tentative ruling granting Finch's motion to tax costs and explaining its reasoning with respect to each set of costs. Without objection by the parties, the court then adopted the tentative as its final order. It is now Gigena's obligation on appeal to demonstrate the court abused its discretion with respect to its ruling. (*Allen, supra*, 234 Cal.App.4th at p. 52 [the appellant's burden is to support claims of error with meaningful argument and citation to authority or risk forfeiture].) Gigena's conclusory contentions in his opening brief fail to meet this burden and we do not consider underdeveloped arguments. (*People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2.) We also disregard his more specific contentions raised for the first time in his reply brief. (*People v. Tully* (2012) 54 Cal.4th 952, 1075.)

Rule 8.278(d) provides a list of costs that are recoverable on appeal, it does not generically provide for costs "reasonably necessary" to conduct litigation as section 1033.5 does. Rather, it expressly limits recovery of costs to items listed within the rule, if those costs are reasonable. (Rule 8.278(d)(1).) Gigena relies primarily on his memorandum of costs filed in the trial court, but he does not address the trial court's ruling as to those requested costs or provide any reasoned analysis of why the trial court's ruling was wrong, other than to repeat that the costs were all reasonably necessary to the conduct of litigation. It is Gigena's responsibility "to support claims of error with meaningful argument and citation to authority. [Citations.] When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration." (*Allen, supra*, 234 Cal.App.4th at p. 52.)

Gigena does highlight his request for reimbursement for costs associated with certified mail, out-of-town travel, assistance through his designated power of attorney, and related expenses. As Gigena acknowledges, travel expenses are not expressly allowed, and while some copying costs may be recoverable, Gigena has failed to establish the trial court erred in determining he was not entitled to those costs.

### 3. *Claims Raised in Gigena's Reply Brief*

Although Gigena's reply brief addresses the court's ruling more substantially, his failure to raise claims in his opening brief subjects them to forfeiture. "We need not, and typically do not, address arguments raised for the first time in a reply brief." (*People v. Wilson* (2023) 14 Cal.5th 839, 872, fn. 11; see also *Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 592 ["These reply arguments are forfeited as tardy, because appellants must give the other side fair notice and an opportunity to respond"].) Specifically, Gigena failed to contend in his opening brief that he is entitled to attorney fees under Code of Civil Procedure section 425.16 and Civil Code sections 3281 and 3333, and he failed to explain his delay in doing so. We thus need not address his claims raised in his reply brief.

Were we to address the merits, Gigena's claims still fail. As an additional procedural hurdle, Gigena fails to factually support his claims with citation to the record. An appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).) For example, Gigena claims that he incurred $101 in printing and copying filings, but he fails to cite the record for factual support for his claimed cost. The single page number he cites demonstrates that the cost for certain copies was waived as part of the fee waiver. Gigena has failed to show that he actually incurred this claimed cost or that the trial court erred in denying reimbursement.

Similarly, Gigena's claim that he was erroneously denied reimbursement for the cost of service of process is supported by reference to a copy of the sheriff's civil fee

8

schedule, which indicates pricing for service, and two pages that purport to be the register of actions from this court for his prior appeal. Neither of these documents establish that Gigena actually used or paid for the services claimed. Indeed, the trial court found that there were no "services made other than by mail" and that Gigena failed to show he incurred the claimed $500 cost. Gigena has failed to persuade us the trial court's ruling is incorrect.

Gigena claims that costs to notarize his designated power of attorney and "costs to print, reproduce and file the opening brief and other papers" are expressly allowable costs. He also contends that he is entitled to costs to produce evidence in the appellate court. While some of those costs may be recoverable under rule 8.278, Gigena failed to address these claims with sufficient specificity in his opening brief. And Gigena failed to cite to the record to factually support these claims in his reply brief. We may consider the arguments forfeited on those grounds alone.

Rule 8.278 does not provide for recovery of costs associated with a designation of a power of attorney.

Given the paucity of Gigena's discussion of and factual support for the claimed printing, copying, and filing costs associated with his designated power of attorney, we cannot determine whether he even incurred these costs in light of the existing fee waiver.

We reach the same conclusion with respect to Gigena's claim for costs associated with presenting evidence to the appellate court. He claims that he "submitted the receipt for the clerk's transcript with 697-pages. Then subtracted those pages that did not include the production of evidence used on appeal to the sum of 660-pages times two-copies for print and reproduction for the total of 1,320-page at the market value shown of $0.50/page." We interpret this to mean that Gigena submitted 660 of the 697 pages of the clerk's transcript as the record on appeal and supplied two copies. But this removal of pages from the clerk's transcript does not constitute the production of *additional* evidence for this court, which is what rule 8.278(d)(1)(C) allows as a recoverable cost. And the

9

only citation to the record for factual support for Gigena's claim is a receipt demonstrating that Gigena was not charged by this court for any filing or copies in light of the fee waiver.

Gigena's final argument is that the trial court's failure to award him all his claimed costs "contradicts this court's express award of costs" and "attempts to nullify" this court's previous order. We disagree. The rules and statutes governing cost awards provide that the legitimacy of Gigena's claims were always subject to challenge. The trial court found that the majority of the cost claims were not legitimate and Gigena has failed to overcome the presumption that the trial court's ruling is correct.

## DISPOSITION

The trial court's order granting Finch's motion to tax costs is affirmed. Finch is entitled to costs on appeal. (Rule 8.278(a)(1) & (2).)

/s/_____
EARL, P. J.

We concur:

/s/_____
ROBIE, J.

/s/_____
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.